**Order filed October 28, 2021**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-21-00229-CV

_____

**TRAVELERS INDEMNITY COMPANY, Appellant**

**V.**

**GUSTINE INDEPENDENT SCHOOL DISTRICT, Appellee**

**On Appeal from the 220th District Court**
**Comanche County, Texas**
**Trial Court Cause No. CV03220**

**O R D E R**

On October 1, 2021, Travelers Indemnity Company filed a notice of accelerated appeal from an order signed on August 19, 2021. When the appeal was filed in this court, we noted that the notice of appeal appeared to be untimely. *See* TEX. R. APP. P. 26.1(b). Travelers indicated in its notice of appeal that it had filed a motion in the trial court in an attempt to establish September 13, 2021, as the date that Travelers received notice of the trial court's order. *See* TEX. R. CIV. P. 306a; *see also* TEX. R. APP. P. 26.1(b). We abate this appeal.

TEX. R. CIV. P. 306a provides that, if within twenty days after a judgment is signed, a party adversely affected by it has neither received the required notice nor acquired actual knowledge of the judgment, the appellate deadlines shall begin to run from the date that such party received notice or acquired actual knowledge of the rendition of judgment. TEX. R. CIV. P. 306a.4; *see also* TEX. R. APP. P. 4.2(a). In order to establish the application of the rule, the adversely affected party must "prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." TEX. R. CIV. P. 306a.5; *see also* TEX. R. APP. P. 4.2(b). After hearing the motion, the trial court shall sign a written order indicating the date when the party first received notice or acquired actual knowledge of the signing of the judgment. TEX. R. APP. P. 4.2(c).

Travelers has not presented this court with any finding by the trial court reflecting the date that Travelers received notice or acquired actual knowledge of the August 19 order. We abate this appeal to provide Travelers an opportunity to obtain the requisite findings from the trial court. If this matter is pursued by Travelers in the trial court, the trial court clerk is directed to furnish the trial court's findings to this court on or before November 30, 2021.

The appeal is abated.

PER CURIAM

October 28, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

2